## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 11, 2012

Lyle W. Cayce
Clerk

No. 11-10876
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-53-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ruben Ramirez appeals from his conviction of making a false statement during the acquisition of a firearm and aiding and abetting. He contends that the district court failed to provide adequate reasons for varying from the 46-57 month guidelines sentencing range to the statutory maximum sentence of 120 months of imprisonment. He suggests that his sentence may actually have represented an upward departure based on his criminal history score underrepresenting the seriousness of his criminal history and on his knowledge

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the firearms he procured through the use of "straw buyers" were destined for a Mexican drug cartel. He next contends that the sentence imposed was substantively unreasonable because the reasons articulated by the district court do not support the 120-month sentence.

We review sentences for reasonableness by engaging in a bifurcated review. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). First, we ensure that the sentencing court committed no significant procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. If the sentencing decision is procedurally sound, we then consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

Ramirez did not object at the sentencing hearing to the district court's alleged failure to articulate adequate reasons for the sentence. His contention that his sentence is procedurally unreasonable is reviewed for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To establish plain error, Ramirez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

A sentence need not be explained by "a full opinion in every case." *Rita v. United States*, 551 U.S. 338, 356 (2007). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." *Id.* When the record and the context show that the sentencing court

considered the evidence and the arguments and based the sentence on the facts and arguments, more extensive reasons are not required. *Id.* at 357-58. "[T]he adequacy of a district court's articulation of its reasons for imposing a sentence must be judged in light of the proceeding as a whole, including the facts revealed in the [presentence report]." *United States v. Rhine*, 637 F.3d 525, 529 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1001 (2012).

Although the district court did not check the variance box on the statement of reasons, it did check boxes indicating that the sentence was above the advisory guidelines range and that it was imposed pursuant to "[o]ther than a plea agreement or motion by the parties for a sentence outside of the guideline system." The district court indicated that the reasons for the sentence were the nature and circumstances of the offense and the history and characteristics of the defendant; the need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; the need to provide adequate deterrence; and the need to protect the public from Ramirez's future crimes. At the sentencing hearing, the district court stated that the 120-month sentence was appropriate taking into consideration the factors set out in § 3553(a), and it discussed the factors relevant to the sentencing decision.

A sentencing court may impose a sentence that is (1) within a properly calculated guidelines range, (2) an upward or downward departure from the advisory range "as allowed by the Guidelines," or (3) a non-guidelines sentence, or variance, that accomplishes the purposes of § 3553(a). *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). The discussion of § 3553(a) factors at sentencing and the indication on the statement of reasons that those factors were relevant to a non-guidelines sentencing decision lead us to conclude that Ramirez's sentence resulted from a variance and not a departure. *See Rhine*, 637 F.3d at 528.

Among the factors to be considered at sentencing are "the nature and circumstances of the offense and the history and characteristics of the

defendant," § 3553(a)(1), and "the need for the sentence imposed" to, inter alia, "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2)(A). Additionally, the need to deter future criminal conduct and to protect the public from future crimes also are sentencing factors under § 3553(a). § 3553(a)(2)(B)-(C). The reasons articulated for the variance in Ramirez's case are consistent with these § 3553(a) factors.

First, the district court addressed the nature and seriousness of the offense by commenting that Ramirez knew that the firearms he purchased were destined for a drug cartel that would use them to kill people. Second, Ramirez's personal characteristics and disregard for the law were demonstrated by the use of a false name when he was arrested, and by his 14 removals and, evidently, 15 reentries. Third, the probation officer opined that a departure or variance might be appropriate due to Ramirez's pattern of illegal entries, in order to deter future criminal conduct and to protect the public. The district court explained that the 120-month sentence would be an appropriate punishment in light of these factors. The record in this case shows that the district court provided adequate reasons for the variance and the sentence imposed. Ramirez has not demonstrated error, plain or otherwise. *See Rhine*, 637 F.3d at 529.

At sentencing, Ramirez objected to the substantive reasonableness of his sentence, preserving that issue for appeal. "In reviewing a sentence for substantive unreasonableness, 'the court should consider the totality of the circumstances, including the extent of any variance from the guidelines range.'" *Rhine*, 637 F.3d at 529 (quoting *Brantley*, 537 F.3d at 349). We give deference to the district court's sentencing determinations, and will not reverse the district court "just because we would have determined that an alternative sentence was appropriate." *Brantley,* 537 F.3d at 349. "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives

significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Here, Ramirez and his "straw buyers" purchased 13 rifles, knowing that those rifles would be sent to a Mexican drug cartel. Moreover, Ramirez had been removed from the United States on 14 occasions, yet he was never punished for any illegal reentries into the country. It was reasonable for the district court to conclude that a long period of incarceration was necessary to encourage Ramirez to respect the laws of the United States; to deter him from reentering the country following his removal after his release from prison; to deter him from furnishing a Mexican drug cartel with firearms; to protect residents of the United States from possible criminal conduct in the future; and to protect residents of Mexico from being killed with rifles sent to the cartel by Ramirez.

It is irrelevant that some of these factors were taken into account when calculating Ramirez's offense level; a district court may consider factors already incorporated into guidelines sentencing calculations to support a non-guidelines sentence. *See Brantley*, 537 F.3d at 350; *cf. United States v. Gutierrez*, 635 F.3d 148, 152 (5th Cir. 2011) (rejecting argument that appropriate departures under the Guidelines be calculated before a district court may impose a non-guidelines sentence). Moreover, the record does not indicate that the district court failed to account for a factor that should have been given weight, that it gave weight to any improper factors, or that the sentence represented a clear error in judgment. *See Smith*, 440 F.3d at 708 The district court's sentence was reasonable under the abuse of discretion standard. *See Gall*, 552 U.S. at 51.

AFFIRMED.