EDITH H. JONES, Chief Judge:
Curtis Oneal Rhine pled guilty to one count of possession with intent to distribute cocaine base and one count of being a felon in possession of a firearm. After calculating a sentencing range of 30 to 37 months under the United States Sentencing Guidelines (“Guidelines”), the district court sentenced Rhine to 180 months in prison, reasoning that the higher sentence was appropriate in light of Rhine’s past involvement with a drug-trafficking organization. Because the district court adhered to correct sentencing procedure and imposed a sentence that is substantively reasonable, we affirm its non-Guidelines sentence.
A police officer stopped Curtis Oneal Rhine for a traffic violation on October 24, 2007. After Rhine admitted to smoking marijuana, the officer took him into custody. A search of Rhine’s vehicle uncovered two firearms under the driver’s seat, and a search of Rhine’s person revealed a bag containing 1.89 grams of crack cocaine.
Seventeen months earlier, in an investigation focused on Crips gang members, the FBI had indicted more than 30 people involved in a drug-trafficking ring dubbed the “Fish Bowl.” Reports from the FBI *527 and the Fort Worth Police Department indicated that Rhine was connected with the Fish Bowl, though he escaped prosecution because the FBI never caught him in the act of selling drugs. Mindful of these reports, the probation officer concluded that Rhine’s current possession was part of the same course of conduct as the Fish Bowl activities. She therefore concluded that Rhine was responsible for distributing at least 4.5 kilograms of crack cocaine. This conclusion resulted in an increased offense level under the Guidelines and, in light of Rhine’s criminal history, a sentencing range of 292-365 months. The district court imposed a sentence of 360 months, and Rhine appealed to this court, arguing that the offenses to which he pled guilty were not part of a “common scheme” or “course of conduct” encompassing the Fish Bowl activities. This court agreed and remanded the case for re-sentencing. United States v. Rhine (“Rhine I”), 583 F.3d 878, 891 (5th Cir.2009).
On remand, the probation officer computed a new Guidelines range of 30-37 months, reflecting a lower offense level. The district court, however, imposed consecutive terms of 120 months for the drug offense and 60 months for Rhine’s firearm offense. In explaining the 180-month sentence, the coxxrt stated the following:
Well, I’m convinced that a reasonable sentence in this case is one that would take into account his prior similar drug conduct, the drug activities that he engaged in that “Fish Bowl” area that was mentioned in the presentence report. And for that activity to be taken into account, the sentence would have to be somewhat above the top of the advisory guideline range.
Considering all of the factors the Court is to consider under [18 U.S.C. § 3553(a)], I’ve concluded that a sentence that would aggregate a total of 180 months would be a sentence that would be required to address the defendant’s history and criminal conduct.
.... [A] sentence of at least that much would be required[ ] to adequately reflect the seriousness of the offense conduct, to promote respect for the law, provide just punishment for the offense, to afford adequate deterrence for future criminal conduct, and to protect the public from further crimes of the defendant.
And if you viewed it from the standpoint of a guidelines sentence, and I don’t think you need to, the sentence I’ve imposed should appropriately be viewed as a variance and would be a reasonable sentence if viewed that way.
If viewed from the standpoint of the sentencing guidelines, departure under the guidelines, the reasons given by the probation officer ... in my view are appropriate to justify the sentence I’ve imposed as a guideline requirement.
In the Statement of Reasons (SOR), the district court again treated the sentence as both a non-Guidelines sentence and as a departure under the Guidelines. The court checked a box on the SOR form indicating that “[t]he coxxrt imposes a sentence outside the advisory sentencing guidelines system,” but it proceeded to complete a section of the SOR, Section V, relating to Guidelines-authorized departures.
Rhine appeals his sentence.
Following United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), “appellate review of sentencing decisions is limited to determining whether they are ‘reasonable’ ” under the “familiar abuse-of-discretion standard of review.” Gall v. United States, 552 U.S. 38, 46, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). Reasonableness has two parts: procedural and substantive reasonable *528 ness. The former requires that the district court calculate the Guidelines range, consider the § 3553(a) factors, and explain the sentencing decision; the latter depends on “the totality of the circumstances, including the extent of any variance from the Guidelines range.” Id. at 51, 128 S.Ct. 586.
As a preliminary matter, we hold that the district court imposed a non-Guidelines sentence. Appellant would create confusion on this point by focusing on the court’s suggestion that the sentence is also defensible as a variance or departure under the Guidelines. Even those comments, however, reveal the court’s principal intention to impose a non-Guidelines sentence. In stating that “if you viewed it from the standpoint of a guidelines sentence, and I don’t think you need to ... ”, the district court showed that its purpose was to sentence outside the Guidelines while offering the backup justification that the sentence passes muster even if the Guidelines apply. Likewise, the district court’s decision to complete Section V of the SOR presents an alternative justification for the sentence as well as the district court’s desire to indicate which factors in § 3553(a) influenced its decision, an option available only in Section V. The court also checked option D under Section IV, indicating “a sentence outside the advisory sentencing guideline.” We are persuaded here that the district court clearly intended primarily to sentence Rhine outside the Guidelines framework.

A. Procedural Reasonableness

Gall requires the sentencing court to begin its work by calculating the applicable Guidelines range. 552 U.S. at 49, 128 S.Ct. 586. Failure to do so eliminates “a necessary factor in determining reasonableness.” United States v. Gutierrez-Hernandez, 581 F.3d 251, 256 (5th Cir.2009). Other procedural errors include “treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range.” Gall, 552 U.S. at 51, 128 S.Ct. 586.
In the present case, the district court computed the correct Guidelines range of 30-37 months for a category IV criminal history and a total offense level of 15. The court also considered the § 3553(a) factors, stating that a sentence of at least 180 months was necessary to “adequately reflect the seriousness of the offense conduct, to promote respect for the law, provide just punishment for the offense, to afford adequate deterrence for future criminal conduct, and to protect the public from further crimes of the defendant.” See 18 U.S.C. § 3553(a)(2)(A)-(C). The court also noted that Rhine had benefitted from his imprisonment and would “continue to benefit from the kind of activities and programs that are available in the prison.” See 18 U.S.C. § 3553(a)(2)(D). The court’s explanation of the § 3553(a) factors was sufficient to communicate the court’s reasons for imposing a non-Guidelines sentence. Rita v. United States, 551 U.S. 338, 357-58, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007) (stating that the purpose of a district court’s explanation in a non-Guidelines case is to “provide relevant information to both the court of appeals and ultimately the Sentencing Commission.”).
To the extent it is relevant, we also address the court’s inclusion of Rhine’s Fish Bowl activities as part of “the history and characteristics of the defendant.” 18 U.S.C. § 3553(a)(1). Appellant argues that Rhine I foreclosed consideration of his involvement with the Fish Bowl drug ring. He is mistaken. This court’s ruling in Rhine I addressed the particular ques *529 tion whether Rhine’s offense (possession with intent to distribute) included only the 1.89 grams of crack cocaine in his possession on October 24, 2007 or all of the drugs he helped distribute through the Fish Bowl. In drug cases, the probation officer may calculate an offense level based on the defendant’s immediate conduct plus any “relevant conduct,” as defined under the Guidelines. Rhine I held that the Fish Bowl drug trafficking was not relevant conduct to the offense of conviction. Our decision did not, however, make the Fish Bowl chapters of Rhine’s past disappear. On resentencing, the district court considered Rhine’s involvement with the Fish Bowl organization for a different purpose — not as part of his current offense, but as part of his “history” under § 3553(a)(1). The Supreme Court has described § 3553(a)(1) as “a broad command.” Gall, 552 U.S. at 50 n. 6, 128 S.Ct. 586. Rhine I did not narrow the field of relevant history, and we decline to do so now.
Addressing the sentence as a variance, or non-Guidelines sentence, the dissent criticizes both the procedural and' substantive adequacy of the trial court’s sentence.[1] We are unpersuaded. Procedural reasonableness is governed in this circuit by United States v. Mares, 402 F.3d 511, 519 (5th Cir.2005) and more recently by United States v. Bonilla, 524 F.3d 647 (5th Cir.2008). Bonilla, written in the light of Gall and Rita, explained that the adequacy of a district court’s articulation of its reasons for imposing a sentence must be judged in light of the proceeding as a whole, including the facts revealed in the PSR. Id. at 657. The fact that leapt out in that case (unmentioned by our dissenting brother) was that Bonilla had bludgeoned a man to death in a crime that did not count for purposes of his Guidelines criminal history. Id. at 650, 652-53. This “aggravating factor” inspired the district court’s obvious, albeit “minimally” articulated, choice of a higher sentence. Id. at 657. So here, the PSR contained statements from numerous defendants who pled guilty to involvement in the Fish Bowl drug trafficking ring that Rhine was a major supplier of crack cocaine, accounting conservatively for at least 4.5 kilograms. Like the bludgeoning in Bonilla, Rhine’s role in the Fish Bowl is excluded from Rhine’s criminal history under the Guidelines. The district court should not have to guess, when expressing its reasons for issuing a sentence, that this court will close our eyes to the obvious implications of such deep involvement in the drug trade.
From any standpoint, the district court followed the Guidelines proeedurally.

B. Substantive Reasonableness

 In reviewing a sentence for substantive unreasonableness, “the court should consider the totality of the circumstances, including the extent of any variance from the guidelines range.” United States v. Brantley, 537 F.3d 347, 349 (5th Cir.2008) (internal quotation omitted). A deviation from the Guidelines range will not alone make a sentence substantively unreasonable. Gall, 552 U.S. at 47, 128 S.Ct. 586 (‘We also reject the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence.”).
The substance of Rhine’s sentence — 180 months incarceration — does not represent an abuse of the district court’s discretion. The court explained *530 that a sentence of 180 months was necessary because of Rhine’s “prior similar drug-conduct ... in that ‘Fish Bowl’ area that was mentioned in the presentence report.” The court then proceeded to discuss each of the statutory purposes in § 3553(a)(2). From a substantive standpoint, the district court’s choice to impose an upward variance expressly based on the § 3553(a) factors and Rhine’s unchallenged drug trafficking was hardly arbitrary. See United States v. Valdez, 453 F.3d 252, 262 (5th Cir.2006) (“A district court may adopt the facts contained in a presentence report (‘PSR’) without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable.”) (internal quotations and modifications omitted). The sentence is half the statutory maximum for the offenses to which Rhine pled guilty.
Rhine’s challenge to the substance of his sentence is little more than a corollary to his procedural argument: if the district court could not take cognizance of his Fish Bowl involvement, then the 180-month sentence would be substantively unreasonable under the remaining relevant circumstances. Because the procedural argument fails, its corollary is moot.
Under the circumstances, we see no abuse of discretion in sentencing Rhine to a combined 180 months for his drug and firearm crimes.
Because the court’s procedures were reasonable and yielded a substantively reasonable non-Guidelines outcome, we AFFIRM.
AFFIRMED.

. The dissent also disagrees with the district court's sentence if it is viewed as a departure within the Guidelines framework. Because we reject that characterization, we need not respond to that analysis.