# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 18, 2012

Lyle W. Cayce
Clerk

No. 11-50457
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCO ANTONIO CASTILLO, also known as Jose Castillo, also known as
Marco Antonio Castillo-Cornejo, also known as Mark Anthony Castillo,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:09-CR-295-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Castillo pleaded guilty to one count of impersonation of a
federal officer and one count of wire fraud. Castillo admitted that he pretended
to be an immigration officer in order to defraud a family of undocumented aliens
by offering to help them secure permanent resident status and by threatening
to deport them. His guideline range of imprisonment was 33 to 41 months, but

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the district court sentenced him to concurrent prison terms of 36 months for the impersonation offense and 72 months for the fraud offense.

Castillo argues that the district court abused its discretion and violated his due process rights by limiting his questioning of one of his victims regarding her statement at the sentencing hearing. We need not decide the appropriate standard of review because Castillo is not entitled to relief under any standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). The record shows that defense counsel was able to convey some of her concerns to the court despite the limitations. In any event, a crime victim has the "right to be reasonably heard at any public proceeding in the district court involving . . . sentencing" and the "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(4), (a)(8). "[D]ue process merely requires that information relied on in determining an appropriate sentence have some minimal indicium of reliability and bear some rational relationship to the decision to impose a particular sentence." *United States v. Young*, 981 F.2d 180, 187 (5th Cir. 1992) (citation and internal quotation marks omitted). Also, the Confrontation Clause does not apply to sentencing hearings. *United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006). In fact, a district court may rely upon uncorroborated hearsay in making sentencing determinations. *See id.*; *United States v. West*, 58 F.3d 133, 138 (5th Cir. 1995). Accordingly, we reject Castillo's claim.

Castillo also contends that the district court failed to give an adequate explanation for the sentence. Again, "[w]e need not decide the appropriate level of review, because as explained below, the district court's reasons were sufficient under any standard." *United States v. Gomez–Herrera*, 523 F.3d 554, 565 (5th Cir. 2008). Although a district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing," *Gall v. United States*, 552 U.S. 38, 50 (2007), the Supreme Court has recognized that appellate courts must review the adequacy of such an

explanation in light of the "context and the record," *Rita v. United States*, 551 U.S. 338, 359 (2007).

The record shows that the district court ruled on each of Castillo's objections to the calculation of the guideline range, asked questions as one of Castillo's victims gave a statement, interacted with the parties' arguments regarding the Government's motion for an upward departure and the proper weighing of the 18 U.S.C. § 3553(a) factors, and questioned Castillo as he addressed the court. Then, after noting the § 3553(a) factors, the departure policy statement, and the guideline range, the court found that "a more appropriate sentence can be achieved by imposing a sentence outside the Advisory Guidelines." The court noted that the offense occurred over two years and that Castillo caused his victims great fear. In addition, the court stated that the sentence should promote respect for the law and "encourage those who are committing this offense to desist." Thus, the district court's explanation for the sentence was adequate. *Gall*, 552 U.S. at 50; *United States v. Rhine*, 637 F.3d 525, 526-29 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1001 (2012).

Because there is no procedural error, we may consider whether the district court erred in imposing a sentence above the guideline range. *See Gall*, 552 U.S. at 51. Where, as here, the claim of error is preserved, our review "merely asks whether the trial court abused its discretion." *Rita*, 551 U.S. at 351. Although Castillo argues that the guideline range had already adequately accounted for the various sentencing factors, neither the base offense level for wire fraud nor the various offense level enhancements reflected Castillo's use of threats in order to extort money from his victims. *See* U.S.S.G. §§ 2B1.1(a)(1)(B), (b)(1)(E), (b)(2)(A)(i), 3A1.1(b)(1). As the district court explained, several § 3553(a) factors supported the sentence imposed. Castillo has not shown that the district court committed "a clear error of judgment" in its weighing of the sentencing factors, and he has not shown that the court's rejection of his arguments failed to

account for a significant factor or gave weight to an irrelevant factor. *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

AFFIRMED.