**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 24, 2012

Lyle W. Cayce
Clerk

No. 11-41023
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DOEL ORTIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-504-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Doel Ortiz appeals the 30-month above guidelines sentence imposed for his guilty plea conviction for possession with intent to distribute 4.535 kilograms of marijuana, arguing that the district court erred in finding that he had a continued criminal history from the 1970's to the present and that the district court improperly relied on his prior arrest record, dismissed charges, and other conduct that may not be considered under U.S.S.G. § 4A1.3(a)(2). Because he did not raise these arguments in the district court, review is limited to plain

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  He also argues that the sentence is substantively unreasonable.  Because he objected to the reasonableness of the sentence, he preserved this issue for review.  *See United States v. Duhon*, 541 F.3d 391, 399 (5th Cir. 2008).

Contrary to Ortiz's contention, the district court did not base his sentence on his arrest record or dismissed charges.  The district court stated that it was considering imposing a 30-month above guidelines sentence, based primarily on Ortiz's six unscored prior convictions, including two violent attempted rape convictions.   The district court properly considered his six unscored prior convictions under § 4A1.3(a)(2)(A).  In response to Ortiz's argument that he had no convictions from 1973 to 1990, the district court noted that he had contact with law enforcement during this period as evidenced by his arrests, dismissed charges, and his admitted cocaine use; the district court expressly stated that it was not counting the other arrests that did not result in convictions.  In the statement of reasons, the district court stated that Ortiz's criminal history was underrepresented and that category VI more adequately represented his criminal history; it did not state that it considered Ortiz's arrest record or dismissed charges.  The district court's discussion of Ortiz's underrepresented criminal history and other permissible factors indicates that it did not improperly base the sentence on Ortiz's arrest record or dismissed charges.  *See United States v. Williams*, 620 F.3d 483, 495 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 1534 (2011).

Ortiz has not shown that the district court plainly erred in finding that Ortiz had a continuing criminal history from the 1970's to the present.  The district court's finding was plausible in view of the record as a whole.  Ortiz had six unscored convictions from 1970 to 1991, including two violent attempted rape convictions.  During some of the seeming gap between convictions, he was incarcerated (from 1973 to 1983).  He also admitted to cocaine use throughout a more than twenty-year period beginning in 1989.  Ortiz also admitted that he

had recently received two or three packages containing controlled substances on behalf of Dominican nationals; one of those packages was lost, and he had agreed to transport the marijuana in this case to earn $1500 to repay them for the lost package.

To the extent Ortiz argues that the district court erred in not calculating an upward departure under the Guidelines before imposing a nonguidelines sentence, his argument lacks merit. This court has held that a district court is not required to calculate a departure under § 4A1.3 before imposing a nonguidelines sentence. *United States v. Gutierrez*, 635 F.3d 148, 152 (5th Cir. 2011).

The sentence imposed by the district court was not substantively unreasonable. Because his procedural argument fails, his challenge to the substantive reasonableness on the essentially the same grounds also fails. *See United States v. Rhine*, 637 F.3d 525, 529-30 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1001 (2012). The district court considered his arguments, his history and characteristics, his age, his arthritis in his back, his cocaine addiction, and the need to deter future criminal conduct and to protect the public. Ortiz's disagreement with the weight the court gave to the various sentencing factors does not show that the court erred. *See United States v. Hernandez*, 633 F.3d 370, 375-76 (5th Cir.), *cert. denied*, 131 S. Ct. 3306 (2011).

AFFIRMED.