**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2012

Lyle W. Cayce
Clerk

No. 11-50777
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER HOMERO REYES,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-758-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Javier Homero Reyes appeals the sentence imposed following his guilty plea conviction for illegal reentry into the United States after deportation. He argues that 30-month below guidelines sentence was procedurally and substantively unreasonable because the district court did not give adequate reasons for the sentence and provided no indication that it actively weighed the grounds that he argued warranted a substantially lower sentence. Because he did not raise these arguments in the district court, he concedes that review is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

limited to plain error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

The district court considered the 18 U.S.C. § 3553(a) factors, Reyes's allocution, his counsel's arguments, the letters submitted on behalf of Reyes, and the Presentence Report.  The district court stated at sentencing and in the statement of reasons that a sentence below the guideline range was appropriate based on the need to provide just punishment for the offense and based on Reyes's history and characteristics, including that he had only one prior conviction that was used to enhance his offense level and to calculate his criminal history category.  The district court's explanation was fact-specific, was consistent with the need to promote respect for the law under § 3553(a)(2)(A), and was adequate to allow for meaningful appellate review.  *See United States v. Key*, 599 F.3d 469, 474 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 997 (2011); *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).  Therefore, Reyes has not shown any procedural error, plain or otherwise.  *See Mondragon-Santiago*, 564 F.3d at 365.

Reyes's challenge to the substantive reasonableness of his sentence is merely a corollary to his procedural argument that the district court failed to provide adequate reasons for the sentence; because his procedural argument fails, his substantive argument also fails.  *See United States v. Rhine*, 637 F.3d 525, 530 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1001 (2012).  Reyes has not shown that the district court failed to account for a factor that should have received significant weight, gave significant weight to an improper factor, or clearly erred in balancing the sentencing factors.  *See Smith*, 440 F.3d at 708.  Therefore, he has not shown plain error concerning the substantive reasonableness of the sentence.  *See Peltier*, 505 F.3d at 391-92.

AFFIRMED.