# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2012

No. 12-10465
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CURTIS ONEAL RHINE,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-183-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Curtis Oneal Rhine, federal prisoner # 36888-177, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. He contends the court abused its discretion by: improperly relying on his alleged participation in the Fish Bowl drug-trafficking ring; failing to consider the various classes he completed during imprisonment; and refusing to reduce his sentence in retaliation for his successful appeal in *United States v. Rhine*, 583 F.3d 878 (5th Cir. 2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10465

The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). In considering Rhine's motion, the district court was required to, and expressly did, assess the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). The court properly considered Rhine's alleged participation in the Fish Bowl drug-trafficking ring as part of his history under § 3553(a)(1). *United States v. Rhine*, 637 F.3d 525, 529 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1001 (2012). Although Rhine contends the district court failed to properly consider his post-sentencing conduct, such consideration is not required. *Evans*, 587 F.3d at 673 & n.10; U.S.S.G. § 1B1.10, comment n.1(B)(iii). Rhine's retaliation claim also fails.

AFFIRMED.