# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2012

No. 11-20680
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SYBIL SUAREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-543-1

Before STEWART, Chief Judge, and OWEN and GRAVES, Circuit Judges.

PER CURIAM:[*]

Sybil Suarez appeals the sentence imposed following her guilty plea conviction for filing a false claim for a tax refund. She argues that the district court erred by finding that the false claims she filed with the Federal Emergency Management Agency (FEMA) were relevant conduct and adding the intended loss amount from the FEMA fraud to the intended loss amount from the IRS fraud.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court found that the total intended loss from Suarez's IRS fraud was $265,931 and the amount of intended loss for the FEMA fraud was $20,161, for a total loss amount of $286,092. Pursuant to the relevant guidelines provision, the total intended loss amount resulted in a 12-level enhancement. *See* U.S.S.G. § 2B1.1(b)(1)(G). Under § 2B1.1(b)(1)(G) a total loss amount between $200,000 and $400,000 results in a 12-level enhancement. Thus, the 12-level enhancement would have been applicable whether or not the FEMA fraud was considered relevant conduct and included in the total loss amount. *See id.* Accordingly, any possible error in considering the FEMA fraud to be relevant conduct and including the loss from the FEMA fraud in the total loss amount did not affect Suarez's guidelines sentence range and was harmless. *See United States v. Harris*, 932 F.2d 1529, 1539 (5th Cir. 1991).

Suarez maintains that the district court erred by applying a two-level enhancement for her being a organizer, leader, manager, or supervisor of criminal activity. We review the district court's factual finding that Suarez was an organizer, leader, manager, or supervisor of criminal activity for clear error. *See United States v. Gonzales*, 436 F.3d 560, 584 (5th Cir. 2006).

In the presentence report (PSR) and the Addendum to the PSR, the probation officer stated that Suarez recruited Michael Green to find indigent and homeless people for whom Suarez would file fraudulent tax returns and that Suarez paid Green $250 for each person he referred to her. The PSR showed that Suarez received the majority of the proceeds of the IRS fraud. As Suarez did not present any evidence to rebut the factual findings set forth in the PSR and the Addendum to the PSR, the district court did not err by adopting those factual findings. *See United States v. Cabrera*, 288 F.3d 163, 173-74 (5th Cir. 2002). Because Suarez recruited Green and Suarez received the majority of the proceeds, the district court's determination that Suarez was the organizer, leader, manager, or supervisor of one or more other participants was not clearly erroneous. *See United States v. Giraldo*, 111 F.3d 21, 24-25 (5th Cir. 1997).

No. 11-20680

For the first time on appeal, Suarez asserts that the district court erred by basing a one-month upward variance on the FEMA fraud because the FEMA fraud was not relevant conduct. Because Suarez did not raise this challenge to her sentence in the district court, we review for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Under 18 U.S.C. § 3553(a)(1), a district court, in making an upward variance, may consider criminal activity of a defendant that was not relevant conduct as part of the history of the defendant. *United States v. Rhine*, 637 F.3d 525, 528-29 (5th Cir. 2011), *cert. denied* 132 S. Ct. 1001 (2012). Thus, assuming arguendo that the FEMA fraud was not relevant conduct, the district court did not commit error, plain or otherwise, by basing an upward variance on the FEMA fraud. *See id.*

AFFIRMED.