# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2014

No. 13-50694
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ENRIQUE MORALES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-148-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Luis Enrique Morales challenges the upward variance sentence of 24 months, imposed following his guilty plea conviction for illegal reentry into the United States following deportation. Morales contends that his sentence is unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a), because the district court gave too much weight to his prior criminal convictions, and because the district court failed to give

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sufficient weight to the mitigating facts.   Morales argues that his prior convictions were 15-20 years old, that he had changed in the intervening years, that his recent offenses were only illegal reentry offenses, and that he had returned to the United States only to support his family.

Morales has not shown that his sentence "unreasonably fails to reflect the statutory sentencing factors" set forth in § 3553(a).  *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).  Rather, the record shows that the district court properly considered the advisory guidelines range, the § 3553(a) factors, and the arguments of counsel.  The district court considered Morales's several prior convictions, his repeated illegal reentry offenses, and the speed with which he had returned to the United States after deportation.  The district court concluded that the sentence reflected Morales's history and characteristics, the need to promote respect for the law, the need to protect the public, and the need to deter future crimes.  *See* § 3553(a).  Morales's disagreement with the district court's weighing of the § 3553(a) factors is insufficient to show an abuse of discretion.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).  Although the sentence is 12 months above the top of the advisory guidelines sentencing range, we have upheld variances of a greater magnitude.  *See United States v. Rhine*, 637 F.3d 525, 526-27, 529-30 (5th Cir. 2011); *Lopez-Velasquez*, 526 F.3d at 805, 805-08. Morales's 24-month sentence is substantively reasonable under the totality of these circumstances.  *See United States v. Brantley*, 537 F.3d 347, 348-49 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.