**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4664**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SANTOS ANIBAL CABALLERO FERNANDEZ, a/k/a Garra,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:08-cr-00134-RJC-DSC-23)

Submitted: July 29, 2014        Decided: August 8, 2014

Before TRAXLER, Chief Judge, and DIAZ and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David Q. Burgess, LAW OFFICE OF DAVID Q. BURGESS, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Santos Anibal Caballero Fernandez ("Caballero Fernandez") appeals the sentence imposed following the reversal of one conviction and the remand for resentencing on his remaining convictions. For the reasons that follow, we affirm.

A federal grand jury charged Caballero Fernandez and twenty-five other members of the worldwide street gang MS-13 with various gang-related crimes. In Caballero Fernandez's case, a jury convicted him of conspiracy to commit racketeering, in violation of 18 U.S.C. § 1962(d) (2012) (Count One), possession of a firearm by an illegal alien and aiding and abetting the same, in violation of 18 U.S.C. §§ 922(g)(5), 2 (2012) (Count Eight), and accessory after the fact to murder in aid of racketeering, in violation of 18 U.S.C. §§ 3, 1959 (2012) (Count Fifty-Three). On appeal, we affirmed Caballero Fernandez's conspiracy to commit racketeering conviction, reversed his accessory-after-the-fact-to-murder conviction on the ground that the evidence was insufficient to show that Caballero Fernandez knew the victim was dead or dying during the relevant time period, and remanded for resentencing.

At the resentencing hearing, after determining that there were no objections, the court adopted the Guidelines calculations in the supplemental presentence report ("PSR"), which established a Guidelines range of seventy to eighty-seven

2

months' imprisonment. Defense counsel argued for a sentence within this range, noting that the original sentence had been within the original 135 to 168 month Guidelines range. After listening to the parties' arguments and Caballero Fernandez's allocution, the district court imposed an upward variance sentence of 135 months on the conspiracy to commit racketeering conviction (Count One) and a concurrent 120 months (the statutory maximum) on the firearm conviction (Count Eight).

In this appeal, Caballero Fernandez challenges the district court's finding, for sentencing purposes, that he aided and abetted the murder that was the subject of his reversed accessory-after-the-fact conviction and the substantive reasonableness of the upward variance. We review a sentence for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The same standard applies whether the sentence is "inside, just outside, or significantly outside the Guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 100-01 (4th Cir.) (internal citation and quotation marks omitted), cert. denied, 133 S. Ct. 274 (2012). In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a

3

sentence supported by the facts, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51.

If the sentence is free of procedural error, we review it for substantive reasonableness. Id. at 51. "Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). In reviewing any sentence outside the Guidelines range, we give due deference to the sentencing court's decision because it "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "'set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis'" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011) (quoting Rita v. United States, 551 U.S. 338, 356 (2007) (alteration in original)).

The district court imposed an upward variance sentence based in part on its finding that Caballero Fernandez was involved in the murder of Ulisses Mayo. Caballero Fernandez challenges that finding, emphasizing that Mayo's murder was the subject of his reversed accessory-after-the-fact conviction. A factual finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm

4

conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks omitted). "[A] sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence." United States v. Grubbs, 585 F.3d 793, 799 (4th Cir. 2009).

Our review of the record leads us to conclude that the district court did not clearly err in finding by a preponderance of the evidence that Caballero Fernandez aided and abetted the murder. Furthermore, as relevant to Caballero Fernandez's history and characteristics and other § 3553(a) sentencing factors, we conclude the district court did not err in considering Caballero Fernandez's involvement in the murder in imposing the variance. United States v. Overstreet, 713 F.3d 627, 638 n.14 (11th Cir. 2013); see also United States v. Rhine, 637 F.3d 525, 528–29 (5th Cir. 2011) (holding that a district court may consider criminal activity of a defendant that was not relevant conduct as part of the history of the defendant), cert. denied, 132 S. Ct. 1001 (2012).

Next, Caballero Fernandez challenges the extent of the variance. When the district court imposes either a variance or a departure sentence, this court "consider[s] whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the

5

extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). A greater variance requires more substantial justification. Diosdado-Star, 630 F.3d at 366. This Court will affirm if the § 3553(a) factors, on the whole, justified the sentence imposed. Id. at 366.

Here, in finding that a sentence consisting of 135 months on Count One and a concurrent 120 months (the statutory maximum) on Count Eight was sufficient but not greater than necessary to accomplish the § 3553(a) sentencing goals, the district court took into account Caballero Fernandez's prior firearm offense, his membership and involvement in a violent gang, his role in the first degree murder of Mayo (which the district court found was part of the racketeering conspiracy for which Caballero Fernandez was convicted), his intimidation of a witness to that murder, and the fact that a month after the murder Caballero Fernandez was found with gang members in a car with several firearms including the murder weapon shortly after a home invasion.

All of these considerations by the court speak directly to several § 3553(a) factors. See 18 U.S.C. § 3553(a)(1) ("the nature and circumstances of the offense and the history and characteristics of the defendant"); 18 U.S.C. § 3553(a)(2)(A) (the need for the sentence "to reflect the

6

seriousness of the offense, to promote respect for the law, and to provide just punishment"); 18 U.S.C. § 3553(a)(2)(B) (the need to deter criminal conduct); 18 U.S.C. § 3553(a)(2)(C) (the need "to protect the public from further crimes of the defendant").

Given the district court's consideration of the parties' arguments and the § 3553(a) sentencing factors, and its articulation of reasons warranting an upward variance, we defer to the district court's determination as to the extent of the variance. United States v. Hargrove, 701 F.3d 156, 163-64 (4th Cir. 2012) (affirming variance from zero-to-six-month Guidelines range to sixty-month sentence), cert. denied, 133 S. Ct. 1862 and cert. denied, 133 S. Ct. 2403 (2013); Diosdado-Star, 630 F.3d at 366-67 (affirming variance sentence six years greater than Guidelines range because sentence was based on the district court's examination of relevant § 3553(a) factors); see also United States v. Angle, 598 F.3d 352, 359 (7th Cir. 2010) ("All that matters is that the sentence imposed be reasonable in relation to the 'package' of reasons given by the court."). We conclude that the district court acted reasonably in imposing Caballero Fernandez's variance sentence.

Accordingly, we affirm Caballero Fernandez's sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED