# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 26, 2019

Lyle W. Cayce
Clerk

No. 19-10060
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL JILBERTO VAZQUEZ-CHAVARRIA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-175-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

On July 2, 2015, Miguel Jilberto Vazquez-Chavarria was discovered by immigration authorities while in state custody. An immigration detainer was placed on him, but his prosecution for illegal reentry into the United States following deportation did not begin until approximately three years later, after he had served his state sentence. Following his guilty plea on the illegal reentry charge, Vazquez-Chavarria moved for a downward departure pursuant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to Application Note 7 of the Commentary to U.S.S.G. § 2L1.2.  The district court denied the departure motion and, varying upwardly from the advisory guidelines range, imposed a 72-month sentence of imprisonment.  Vazquez-Chavarria appeals, contending that his sentence is substantively unreasonable because it did not give enough weight to the delay in the commencement of his federal prosecution.

Our review of a district court's sentencing decision is limited to determining whether a sentence is reasonable.  *Gall v. United States*, 552 U.S. 38, 46 (2007).  Generally, we review the substantive reasonableness of an above-guidelines sentence for abuse of discretion.  *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010).  Although Vazquez-Chavarria argues that an objection is not required to preserve the issue, our precedent permits the application of plain error review where, as here, the defendant fails to object to his sentence.  *See United States v. Peltier*, 505 F.3d 389, 390-92 (5th Cir. 2007).  Because Vazquez-Chavarria's substantive reasonableness challenge fails even under the ordinary abuse of discretion standard, we will apply the more lenient standard.  *See United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010).

A non-guidelines sentence must be "reasonable under the totality of the relevant statutory factors."  *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted).  "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors."  *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).  "In making this determination, we must 'give due deference to the district court's decision that the [18 U.S.C.]

§ 3553(a) factors, on a whole, justify the extent of the variance.'" *United States v. Gerezano-Rosales*, 692 F.3d 393, 401 (5th Cir. 2012) (quoting *Gall*, 552 U.S. at 51).

The record reflects that the district court considered and rejected Vazquez-Chavarria's request for sentencing leniency based on the delay in the commencement of his federal prosecution.  Further, in determining that an upward variance was warranted, the district court took into account the advisory guidelines sentencing range, the § 3553(a) sentencing factors, and the information set forth in the Presentence Report concerning Vazquez-Chavarria's criminal history.  The district court expressly considered Vazquez-Chavarria's repeated failure to abide by the immigration laws, his commission of offenses involving violence against women, and the need to impose a sentence that would protect the public from future crimes of the defendant and provide adequate deterrence.

The record thus does not reflect that the district court failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or committed a clear error of judgment in balancing the § 3553(a) factors.  *See Smith*, 440 F.3d at 708.  Vazquez-Chavarria's arguments amount to a request for this court to reweigh the § 3553(a) factors, which we will not do.  *See Gall*, 552 U.S. at 51.

Moreover, while the 72-month sentence in this case is nine months over the top of the advisory guidelines sentencing range, we have upheld larger variances or departures.  *See e.g.*, *United States v. Rhine*, 637 F.3d 525, 526, 529-30 (5th Cir. 2011); *Key*, 599 F.3d at 475-76; *United States v. Smith*, 417 F.3d 483, 492-93 (5th Cir. 2005).  As a review of the record reveals no abuse of discretion, the judgment of the district court is AFFIRMED.