# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20774

United States Court of Appeals
Fifth Circuit

**FILED**

November 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

MICHAEL LEE WILLIAMS,

     Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-133-1

Before STEWART, CLEMENT, and HO, Circuit Judges.

PER CURIAM:*

Michael Lee Williams appeals the 90-day prison sentence imposed following his guilty plea conviction for theft of mail by a postal employee. He challenges the procedural and substantive reasonableness of his within-Guidelines sentence, arguing that the district court abused its discretion by not adequately explaining the reasons for the sentence and relying on unproven criminal conduct during sentencing. Because the record indicates

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20774

that the district court did not explain its reasons for the sentence as required under 18 U.S.C. § 3553(c), we vacate the district court's sentence and remand for re-sentencing.

**I**

Williams pleaded guilty to one count of theft of mail by a postal employee, in violation of 18 U.S.C. § 1709. The presentence investigation report (PSR) indicated that the U.S. Postal Service Office of the Inspector General (OIG) opened an investigation after receiving a complaint that a postal customer had not received a gift card that had been mailed to him. The investigation revealed that the gift card had been used, and video surveillance footage from the vendor showed Williams using the gift card. The OIG then initiated a sting operation, which involved placing a test package in Williams's post office to catch Williams in the act of stealing. The operation resulted in agents arresting Williams while he possessed the sting package and another stolen mail parcel, a greeting card containing cash. The PSR correctly calculated an advisory Guidelines range of 0 to 6 months imprisonment but also noted that a non-custodial sentence of probation was available to Williams.

At the sentencing hearing, the government and probation officer recommended that Williams be sentenced to probation. Williams apologized to the court, admitted the wrongfulness of his actions, and promised that it would not happen again. The district court asked Williams what he did with mail that did not contain "good stuff, like gift cards and cash and things." Williams responded, "I delivered all the mail. This was the only time that I did what I did, and it was a big mistake. I always delivered all my mail on time to everybody." The district court challenged him with the two additional thefts

2

listed in the PSR, and then said, "There's no way to go back and figure out how much mail you did not deliver, whether it had gift cards or not."

After Williams spoke to the court about mitigating factors supporting a downward variance including his poor health and successful bond, the district court—without any explanation—imposed a 90-day term of imprisonment and one year of supervised release. Williams's counsel immediately objected that the sentence was procedurally unreasonable, arguing that the court did not explain its reasoning and relied on unproven mail thefts during sentencing. The district court responded, "It's a guideline sentence. I don't have to give a reason for a guideline sentence." Williams appeals to this court.

## II

This court reviews federal sentences for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007). The reasonableness inquiry is conducted in two parts: procedural and substantive. *United States v. Rhine*, 637 F.3d 525, 527 (5th Cir. 2011).

This court must first determine whether the district court committed a significant procedural error. *Gall,* 552 U.S. at 51. Significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* Williams argues that the district court committed a procedural error by failing to adequately explain the chosen sentence and by basing the sentence on clearly erroneous facts.

Regarding the lack of an adequate explanation argument, the district court is required at sentencing to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). A sentencing court's explanation "allow[s] for meaningful appellate review and . . .

promote[s] the perception of fair sentencing." *Gall*, 552 U.S. at 50. A sentence within the Guidelines requires "little explanation." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). "However, if the defendant . . . presents nonfrivolous reasons for imposing a different sentence . . . the judge will normally go further and explain why he has rejected those arguments." *Rita v. United States*, 551 U.S. 338, 357 (2007). We have previously held that a district court commits procedural error when it fails to explain its sentencing decision even though the sentence was within the Guidelines. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 362–64 (5th Cir. 2009); *United States v. Tisdale*, 264 F. App'x. 403, 412 (5th Cir. 2008).

Here, the district court received recommendations from the government and the probation officer for a sentence of probation only and heard nonfrivolous arguments from Williams and defense counsel in support of a downward variance. The district court issued a higher within-Guidelines sentence than recommended by the government and probation officer. The district court offered no explanation for the sentence, and even affirmatively stated that it was not required to provide an explanation. The failure to provide any explanation as to the reasons for the sentence, especially when the defendant provided legitimate reasons for a downward variance, is a significant procedural error and an abuse of discretion. *See Mondragon-Santiago,* 564 F.3d at 363–64.

When a reviewing court determines that the district court committed a significant procedural error, the court "must remand unless the proponent of the sentence establishes that the error 'did not affect the district court's selection of the sentence imposed.'" *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009) (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992)). In this instance, the burden is on the government to show that

the error was harmless, but the government does not present any argument supporting harmlessness. Therefore, this court must vacate the sentence and remand back to the district court for re-sentencing.

Because the district court failed to give any explanation for the sentence, it is impossible for this court to determine whether the district court considered speculative, unproven thefts during sentencing that would constitute an additional procedural error. Additionally, because the district court committed reversible procedural error, this court does not reach the substantive error inquiry.

For the above reasons, we vacate the sentence and remand for re-sentencing.