# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60091
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRANDON LEE WRIGHT,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CR-118-1

Before BENAVIDES, DENNIS, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Brandon Lee Wright was convicted, following a jury trial, of forcibly assaulting a Federal Bureau of Prisons correctional officer by striking him with a closed fist while the officer was engaged in his official duties. He appeals his above-guidelines sentence of 78 months of imprisonment, asserting that his sentence is substantively unreasonable. Wright alleges that the district court gave significant weight to irrelevant or improper factors which were already

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

taken into consideration under the Guidelines, namely his recidivism and commission of the instant offense while incarcerated.

When, as here, the defendant objects to the reasonableness of his sentence in the district court, we review the sentence for reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 46-47, 49-51 (2007). An above-guidelines sentence may be unreasonable "if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007) (internal quotation marks and citation omitted). Moreover, in reviewing a non-guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range," *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted), but "must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012) (internal quotation marks and citation omitted).

The record shows that the district court did not fail to account for a factor that should have received significant weight, did not give significant weight to an irrelevant or improper factor, and did not commit a clear error of judgment in balancing the § 3553(a) factors. *See Peltier*, 505 F.3d at 392. The factors about which Wright complains are all "permissible factors for consideration under 18 U.S.C. § 3553(a) in determining whether a sentence inside or outside the Guidelines would be appropriate." *United States v. Williams*, 517 F.3d 801, 811 (5th Cir. 2008); *see e.g.*, *Brantley*, 537 F.3d at 350; *United States v. Newsom*, 508 F.3d 731, 735 (5th Cir. 2007). Moreover, while the above-

No. 19-60091

guidelines sentence in this case is 37 months greater than the top of the advisory sentencing range, this court has upheld greater increases. *See, e.g.*, *United States v. Rhine*, 637 F.3d 525, 528, 529-30 (5th Cir. 2011). Accordingly, Wright's arguments amount to a request for this court to reweigh the § 3553(a) factors, which this court will not do as the district court is "in a superior position to find facts and judge their import under § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

Accordingly, the judgment of the district court is AFFIRMED.