# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2020

Lyle W. Cayce
Clerk

No. 19-40582
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ALEXANDER GARCIA-PEREIRA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-479-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Alexander Garcia-Pereira challenges the substantive reasonableness of his 24-month sentence for illegal reentry. The presentence report calculated his advisory guidelines range as one to seven months of imprisonment. We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40582

In imposing a sentence outside of the guidelines, the district court referenced factors that are applicable to both a sentence variance and a sentence departure. However, the specific characterization of the sentence is irrelevant if "the sentence imposed was reasonable under the totality of the relevant statutory factors." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). To determine whether the sentence was substantively reasonable, this court considers "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* (internal quotation marks and citations omitted).

According to Garcia-Pereira, the district court's variance was substantively unreasonable because the district court made a clear error of judgment in balancing the sentencing factors. Specifically, he asserts that the court gave undue weight to his criminal history—a single misdemeanor conviction for sexual battery—and gives insufficient weight to the fact that he had only one prior conviction and no prior convictions for illegal reentry. Garcia-Pereira's arguments amount to a request for this court to reweigh the 18 U.S.C. § 3553(a) factors, which this court will not do as the district court is "in a superior position to find facts and judge their import under § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

The record reflects that the district court considered Garcia-Pereira's arguments at sentencing, as well as the Government's arguments, the Guidelines range, and Garcia-Pereira's allocution, and determined that an above-guidelines sentence was merited in light of the factors listed in § 3553(a). The district court's decision was based primarily on Garcia-Pereira's criminal history, and we have held that "[a] defendant's criminal history is one of the factors that a court may consider in imposing a non-Guideline sentence." *United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). While the above-

No. 19-40582

guidelines sentence in this case is 17 months greater than, or more than three times, the top of the advisory sentencing range, this court has upheld greater upward deviations. *See e.g.*, *United States v. Rhine*, 637 F.3d 525, 528, 529–30 (5th Cir. 2011) (upholding non-guidelines sentence of 180 months from a range of 30 to 37 months); *United States v. Key*, 599 F.3d 469, 475–76 (5th Cir. 2010) (upholding a sentence of 216 months of imprisonment where the top of the guidelines sentencing range was 57 months of imprisonment).   This court defers "to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," even if we might "reasonably have concluded that a different sentence was appropriate."  *Gall*, 552 U.S. at 51.

Because Garcia-Pereira shows no error in the imposition of his sentence, the judgment of the district court is AFFIRMED.