# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2021

Lyle W. Cayce
Clerk

No. 21-40254
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ESTEBAN HERNAN PENILLA-CERVANTES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:20-CR-4-1

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Esteban Hernan Penilla-Cervantes challenges the substantive reasonableness of his illegal reentry sentence of 120 months of imprisonment, an upward variance from the guidelines range of 30 to 37 months.  Generally,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40254

appellate courts review sentences for reasonableness under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Although Penilla-Cervantes's guidelines range already accounted for his four prior illegal reentry convictions and other offenses, "a district court may rely upon factors already incorporated by the Guidelines to support a non-Guidelines sentence," *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008), and "[a] defendant's criminal history is one of the factors that a court may consider in imposing a non-Guideline sentence," *United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). Furthermore, Penilla-Cervantes cites no caselaw to support his argument that the degree of the variance was unreasonable. His challenge amounts to a request for this court to reweigh the 18 U.S.C. § 3553(a) factors, which this court will not do, as the district court is "in a superior position to find facts and judge their import under § 3553(a)." *Gall*, 552 U.S. at 51.

The record reflects that the district court considered the facts as set forth in the record, the arguments of the parties, and Penilla-Cervantes's allocution and determined that an above-guidelines sentence was merited in light of the factors listed in § 3553(a). While the above-guidelines sentence in this case is 83 months greater than, or more than three times, the top of the advisory sentencing range and is within the statutory maximum, this court has upheld similar or greater upward deviations. *See, e.g.*, *United States v. Rhine*, 637 F.3d 525, 528, 529-30 (5th Cir. 2011) (upholding non-guidelines sentence of 180 months from a range of 30 to 37 months); *United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010) (upholding a sentence of 216 months of imprisonment where the top of the guidelines sentencing range was 57 months of imprisonment). We defer to the district court's determination that the § 3553(a) factors, on the whole, merit an upward variance. *Gall*, 552 U.S. at 51.

Accordingly, the judgment of the district court is AFFIRMED.