# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-30244
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 3, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Laurance Wilson,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CR-178-1

---

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Laurance Wilson appeals his conviction and sentence for possessing a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(g)(1). He argues that § 922(g)(1) is facially unconstitutional in light of *New York State Rifle& Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and that his 84-month above-guidelines sentence is substantively unreasonable.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

While Wilson's appeal was pending, we rejected a Second Amendment facial challenge to the validity of § 922(g)(1). *See United States v. Diaz*, 116 F.4th 458, 462, 467-72 (5th Cir. 2024), *cert. denied*, 2025 WL 1727419 (U.S. June 23, 2025) (No. 24-6625). Therefore, the Government is correct in arguing that Wilson's facial challenge to the validity of § 922(g)(1) is foreclosed.

We review Wilson's preserved challenge to the substantive reasonableness of his sentence for an abuse of discretion, giving due deference to the district court's findings and conclusions. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 173-75 (2020); *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010).

Substantive reasonableness review "must be guided by the sentencing considerations set forth in 18 U.S.C. § 3553(a)," *United States v. Smith*, 440 F.3d 704, 706 (5th Cir. 2006). An above-guidelines sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Smith*, 440 F.3d at 708. "Appellate review is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). And this court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

The record reflects that the district court adopted the presentence report and considered the sentencing memoranda submitted by the parties, the letters of support submitted on Wilson's behalf, the sentencing testimony, the argument of the parties, the applicable guidelines range, and

the § 3553(a) factors. Wilson's sentence was driven by the § 3553(a) factors, specifically, the need to deter Wilson from committing future crimes, to protect the public, and to promote respect for the law due to the district court's conclusion that Wilson's continued criminal violations while on supervision, coupled with the fact that Wilson's criminal history contained a conviction for at least one violent offense, indicated that Wilson had difficulty withdrawing from criminal activity and a propensity to ignore the law.

Wilson has not shown that the district court failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or clearly erred in balancing the sentencing factors. *See Smith*, 440 F.3d at 708. Furthermore, Wilson has also not shown that the extent of the variance was unwarranted as this court has affirmed similar variances. *See United States v. Rhine*, 637 F.3d 525, 526, 528-30 (5th Cir. 2011).

AFFIRMED.