# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 18-60657
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

September 20, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee

v.

DARMARCUS FISHER, also known as Skull-D,

      Defendant-Appellant

———————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:17-CR-137-1

———————

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Darmarcus Fisher appeals his 120-month sentence.  He pleaded guilty to a charge of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  The district court varied above the advisory guidelines range of 46 to 57 months.  Fisher challenges the application of an enhancement to his sentence pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for use or possession of any firearm or ammunition in connection with another felony offense and the substantive reasonableness of his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60657

We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Williams*, 610 F.3d 271, 292 (5th Cir. 2010). "A district court's determination of the relationship between a firearm [or ammunition] and another offense is a factual finding." *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). In its decision to apply an enhancement, the district court may make reasonable inferences from the facts, and these inferences are fact findings also reviewed for clear error. *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). The clear error standard of review requires only that the finding be "plausible in light of the record as a whole." *Id.*

United States Sentencing Guidelines subsection 2K2.1(b)(6)(B) provides for a four-level enhancement if the Government shows, by a preponderance of the evidence, that a defendant "used or possessed any firearm or ammunition in connection with another felony offense." § 2K2.1(b)(6)(B); *United States v. Robinson*, 654 F.3d 558, 562 (5th Cir. 2011). Fisher contends that the district court erred in applying the § 2K2.1(b)(6)(B) enhancement based on a finding that he used or possessed a firearm in connection with a Mississippi attempted aggravated assault.

At sentencing Fisher conceded and he now concedes that he possessed a firearm at two separate times on March 7, 2016 and that his possession of a firearm earlier in the day was sufficient to charge him in violation of § 922(g). Nevertheless, Fisher contends that the application of the § 2K2.1(b)(6)(B) enhancement based on his possession of the firearm later in the day was error, given that he was acting in self defense. Fisher relies upon this court's decision in *United States v. Panter*, 688 F.2d 268, 269 (5th Cir. 1982) to support his claim.

In *Panter*, this court concluded that a convicted felon was not guilty of possession of a firearm where the "felon reacting out of a reasonable fear for

the life or safety of himself, in the actual, physical course of a conflict that he did not provoke, takes temporary possession of a firearm for the purpose or in the course of defending himself." *Panter*, 688 F.2d at 272.  However, the court emphasized that its holding protects such a defendant "only for possession during the time he is endangered. Possession either before the danger or for any significant period after it remains a violation." *Id.*

Fisher's case is distinguishable from *Panter*.  As the district court found, Fisher was not merely reacting out of a reasonable fear for his life or safety but was actively engaged in a shootout.  The record evidence supports the finding that Fisher's possession of a firearm was not wholly temporary and in the course of defending himself; rather, he possessed a firearm leading up to the incident and earlier that day during the shooting of another individual.  Thus, the district court's finding that Fisher was not acting in self-defense is plausible in light of the record as a whole, *Williams*, 610 F.3d at 292, and does not evoke "a definite and firm conviction that a mistake has been committed," *Koch v. United States*, 857 F.3d 267, 275-76 (5th Cir. 2017) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)).

Additionally, Fisher contends that the district court imposed a substantively unreasonable sentence when it varied upward to impose a 120-month sentence based upon his criminal history and his conduct which, according to Fisher, was justified by a reasonable claim of self-defense.  Fisher did not object in the district court to the substantive reasonableness of his sentence, and he did not raise in the district court the arguments that he now raises in his challenge to the substantive reasonableness of his sentence.  Where the defendant fails to object to the reasonableness of his sentence, we review for plain error.  *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir.

2007).[1]    In reviewing a non-guidelines sentence for substantive reasonableness, this court considers "the totality of the circumstances, including the extent of any variance from the Guidelines range," *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted), but "must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012) (internal quotation marks and citation omitted).

The record does not show that the district court did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or represented a clear error of judgment in balancing the § 3553(a) factors. *Peltier*, 505 F.3d at 392.  The factors about which Fisher complains are all permissible factors for consideration in applying an upward variance. *See United States v. Williams*, 517 F.3d 801, 811 (5th Cir. 2008); *Brantley*, 537 F.3d at 349.  Moreover, this court has upheld upward variances of similar magnitude. *See e.g.*, *United States v. Rhine*, 637 F.3d 525, 526, 528-29 (5th Cir. 2011) (upholding an upward variance to 180 months from a range of 30 to 37 months).  Fisher's arguments amount to a mere disagreement with the district court's weighing of the §3553(a) factors. He fails to show error, plain or otherwise in the district court's sentencing determination. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Finally, we note that the written judgment describes Fisher's offense of conviction as felon in possession of a firearm, but the record shows that Fisher pleaded guilty to being a felon in possession of ammunition.  This error is a

---

[1] The Supreme Court's grant of certiorari in *Holguin-Hernandez v. United States*, No. 18-7739, 2019 WL 429919 (U.S. June 3, 2019), does not disturb our precedent.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008).

clerical error subject to correction pursuant to Federal Rule of Criminal Procedure 36. *See United States v. Mackay*, 757 F.3d 195, 196 (5th Cir. 2014).

Accordingly, the judgment of the district court is AFFIRMED, and the matter is REMANDED for correction of the clerical error in the judgment.