# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60832
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 11, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GEORGE ANDERSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:15-CR-110-1

Before PRADO, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:[*]

George Anderson appeals the sentence imposed following his guilty plea conviction for failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). He contends that the 60-month, above-guidelines sentence is procedurally unreasonable because the district court failed to adequately explain its reasons for the sentence, including the effect of the mitigating factors. Because Anderson failed to object to adequacy of the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasons, plain error review applies. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

The sentencing record reflects that the district court sufficiently articulated its reasons for imposing the above-guidelines sentence. The district court asserted that it had considered the advisory guidelines range, the statutory penalties, and the 18 U.S.C. § 3553(a) factors. Specifically, the district court explained that it was imposing an above-guidelines sentence because of Anderson's lengthy criminal history, his history of not complying with the terms and conditions of his probation or supervision, the need to reflect the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, and the need to deter future crimes and protect the public. Although the district court did not expressly address the mitigating factors set forth in Anderson's sentencing memorandum, the district court acknowledged that it had received the memorandum and read the letter submitted on his behalf. Further, Anderson's difficult childhood and recent strides towards stabilizing his life were discussed during defense counsel's arguments in mitigation of sentence. Because the district court's explanation for the chosen sentence allows for effective appellate review, Anderson has failed to show error, much less clear or obvious error. *See United States v. Fraga,* 704 F.3d 432, 439 (5th Cir. 2013).

Anderson also contends that the 60-month, above-guidelines sentence is substantively unreasonable. He argues that the sentence was almost double the low end of the guidelines range, failed to account for his mitigating factors, and placed too much emphasis on his criminal history. Because Anderson's objection to the reasonableness of his sentence was sufficient to preserve this claim, we review the "substantive reasonableness of the sentence imposed

No. 16-60832

under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007).

The record reflects that the district court considered the guidelines range, the statutory penalties, the § 3553(a) factors, the facts set forth in the presentence report, the sentencing memorandum and letter, and the parties' arguments at sentencing. The district court made an individualized assessment and concluded that the guidelines range did not adequately take into account the § 3553(a) factors. Although Anderson's 60-month sentence is 19 months greater than the top of the 33 to 41-month guidelines range, we have upheld variances considerably greater than the increase to his sentence. *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006).

Anderson's arguments do not show a clear error of judgment on the district court's part in balancing the § 3553(a) factors; instead, they constitute a mere disagreement with the district court's weighing of those factors. Given the significant deference that is due to a district court's consideration of the § 3553(a) factors and the district court's reasons for its sentencing decision, Anderson has not demonstrated that the sentence is substantively unreasonable. *See Gall*, 552 U.S. at 50-53; *Brantley*, 537 F.3d at 349. Accordingly, the district court's judgment is AFFIRMED.