# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11626
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO GUERRERO-SAUCEDO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-174-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Francisco Guerrero-Saucedo appeals from the above-Guidelines sentence imposed after his guilty plea conviction for illegal reentry. The presentence report, which the district court adopted, determined that the advisory Guidelines imprisonment range was 10 to 16 months. After hearing Guerrero-Saucedo's mitigation arguments, the district court sentenced him to 60 months of imprisonment and two years of supervised release. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11626

court explained that the 60-month sentence was based primarily on Guerrero-Saucedo's eight prior removals, his two prior convictions for illegal entry, and the close temporal proximity between some of his prior removals and illegal reentries.

In his first argument on appeal, Guerrero-Saucedo asserts that the district court's reasons for his sentence were inadequate because they failed to include specific references to his mitigation arguments and were insufficient to support the upward variance. We first ensure that the sentencing court committed no significant procedural error and then, if the district court's decision is procedurally sound, we will review the substantive reasonableness of the sentence using an abuse-of-discretion standard, if the issue has been preserved. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

When a district court imposes an upward variance, as in this case, "the district court must more thoroughly articulate its reasons . . . than when it imposes a" within-Guidelines sentence. *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). The record shows that the district court acknowledged that it had reviewed Guerrero-Saucedo's mitigation arguments and articulated detailed bases–including references to particular 18 U.S.C. § 3553(a) factors–supporting the upward variance. The district court did not err in this regard. *See United States v. Anderson*, 697 F. App'x 359, 359 (5th Cir. 2017); *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).

In his challenge to the substantive reasonableness of his sentence, Guerrero-Saucedo argues that the extent of the upward variance was unreasonable because the district court's underlying reasons were taken fully into account by the Guidelines and his criminal history consisted of nonviolent and relatively minor offenses. The record shows that the district court did not fail to account for a factor that should have received significant weight, did not

2

give significant weight to an irrelevant or improper factor, and did not commit a clear error of judgment in balancing the § 3553(a) factors. *See United States v. Gerezano-Rosales*, 692 F.3d 393, 401 (5th Cir. 2012). Guerrero-Saucedo's arguments amount to a request for this court to reweigh the § 3553(a) factors, which we will not do. *See Gall*, 552 U.S. at 51. Moreover, we have upheld greater variances than the one at issue here. *See, e.g., United States v. Rhine*, 637 F.3d 525, 526, 528-29 (5th Cir. 2011) (upholding an upward variance to 180 months from a range of 30 to 37 months); *United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010) (upholding sentence of 216 months of imprisonment where the top of the Guidelines sentencing range was 57 months). Accordingly, the district court did not abuse its discretion by imposing a 60-month sentence.

Guerrero-Saucedo also argues that the enhancement provisions in 8 U.S.C. § 1326(b) are unconstitutional and that his guilty plea was invalid because he was not admonished that his prior felony conviction was an essential element that had to be proved beyond a reasonable doubt. He correctly concedes that these arguments are foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998).

AFFIRMED.