# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2021

Lyle W. Cayce
Clerk

No. 21-50130
CONSOLIDATED WITH
No. 21-50156
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTONIO SMITH,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-218-1
USDC No. 7:20-CR-144-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50130
c/w No. 21-50156

Defendant-Appellant Antonio Smith appeals the sentence imposed by the district court following Smith's guilty plea for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court also revoked Smith's supervised release, which he was serving under a different sentence. Smith's actions underlying this other conviction were also the basis of a state charge of aggravated assault with a deadly weapon.

Smith contends that the district court erred in applying a four-level enhancement for his use or possession of "any firearm or ammunition in connection with another felony offense" under U.S.S.G. § 2K2.1(b)(6)(B). Smith pointed out at sentencing that the only evidence supporting this enhancement was a witness's statements to police at the time of the alleged aggravated assault. Smith produced an affidavit from that same witness recanting her story, but the district court believed that the witness's original statement to the police at the time of the incident was more credible.

"The district court's determination of the relationship between the firearm and another offense is a factual finding," which we review for clear error. *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). Here, the district court's credibility determination and application of the enhancement were plausible and not clearly erroneous. *See United States v. Oti*, 872 F.3d 678, 699 (5th Cir. 2017); *United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994).

Smith also argues that his firearm and revocation sentences are unreasonable, both individually and cumulatively, because the district court failed to state reasons for imposing the sentences despite Smith's advocacy for a sentence at the low end of the Guidelines. We apply plain error review because Smith did not object to the procedural reasonableness of his sentences on this basis. *See United States v. Coto-Mendoza*, 986 F.3d 583,

No. 21-50130
c/w No. 21-50156

585-86 (5th Cir. 2021), *petition for cert. filed* (U.S. Jun. 28, 2021) (No. 20-8439); *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

The sentencing judge's reasons for the sentences sufficed "to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007); *see also United States v. Rhine*, 637 F.3d 525, 529 (5th Cir. 2011). Smith has therefore not demonstrated any error, plain or otherwise.

Finally, Smith argues that, under the analysis set forth in *United States v. Lopez*, 514 U.S. 549 (1995), § 922(g)(1) exceeds the scope of Congress's power under the Commerce Clause and is therefore unconstitutional. He admits that this argument is foreclosed and is only raised to preserve the issue. *See, e.g.*, *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999).

The sentences imposed by the district court are AFFIRMED.