# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2021

Lyle W. Cayce
Clerk

No. 21-30137
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Nathaniel Leon Brown,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:20-CR-147-1

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Nathaniel Leon Brown pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). He was sentenced to, *inter alia*, an above-Sentencing Guidelines

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

term of 84-months' imprisonment.  Brown contends the court imposed a substantively-unreasonable sentence.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Brown properly preserved his challenge to the substantive reasonableness of his sentence by requesting a within-Guidelines term.  *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764 (2020) (explaining defendant's request for specific sentence preserves claim on appeal).  (In addition, he objected to the imposed sentence.)

The district court determined an upward variance was warranted, based on the 18 U.S.C. § 3553(a) sentencing factors.  Brown presents numerous bases for contesting the sentence.  Each basis fails.

First, he asserts his sentence is unreasonable because the conduct underlying the instant offense was already accounted for by the Guidelines.  The conduct underlying his firearm offense, which included the alleged kidnapping of his pregnant girlfriend, was not accounted for under the Guidelines:  the court sustained Brown's objection to the application of Guideline § 2K2.1(c)(1)(A), the cross-reference provision; and it calculated his Guidelines sentencing range under § 2K2.1(a), the standard guideline provision for possession of a firearm by a convicted felon.

Next, Brown maintains the court improperly relied on an irrelevant factor in considering a prior domestic-violence incident involving his

girlfriend. Prior criminal conduct that is not relevant conduct to the offense of conviction may, however, be considered, "not as part of [the] current offense, but as part of [defendant's] history under [18 U.S.C.] § 3553(a)(1)". *United States v. Rhine*, 637 F.3d 525, 529 (5th Cir. 2011).

For his third point, although Brown maintains the court failed to properly consider his history of substance abuse as a mitigating factor, the court was fully aware of such conduct. And, Brown's assertion the mitigating factor of his substance-abuse history should have been balanced differently is insufficient to show abuse of discretion. *See United States v. Powell*, 732 F.3d 361, 382 (5th Cir. 2013) (explaining appellant's disagreement with how factors were balanced insufficient to disturb sentence).

Contrary to Brown's next point, the court considered the Guidelines sentencing range of 27 to 33 months. "[T]he sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors and may adjust the sentence accordingly under [18 U.S.C.] § 3553(a)". *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (citation omitted).

Finally, Brown challenges the extent of the variance. His 84-month sentence is below the statutory maximum of 10 years. *See* 18 U.S.C. § 924(a)(2). Moreover, our court has upheld significantly greater variances. *See, e.g., United States v. Key*, 599 F.3d 469, 475–76 (5th Cir. 2010) (upholding 216-month sentence where Guidelines sentencing range had maximum 57 months); *United States v. Smith*, 417 F.3d 483, 492–93 (5th Cir. 2005) (affirming 120-month sentence where the range had maximum 41 months).

Accordingly, considering the totality of the circumstances and giving appropriate deference to the court's consideration of the 18 U.S.C. § 3553(a) factors, the court did not abuse its discretion in imposing Brown's sentence. *See United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (explaining deference given to sentencing judge who is in "superior position

No. 21-30137

to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant" (citation omitted)); *Gall*, 552 U.S. at 51 (noting appellate court may consider extent of deviation, "but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance").

AFFIRMED.