# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-10263
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 21, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DANIEL MONTERO DURAN,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:23-CR-75-1

————————————————————

Before KING, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Daniel Montero Duran pleaded guilty to illegal reentry and was sentenced above the Guidelines range to 84 months of imprisonment, followed by a three-year term of supervised release. He now challenges his sentence as substantively unreasonable, urging that the district court abused its discretion in varying upward from the Guidelines range of 24 to 30 months

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

based on prior convictions already accounted for in the Guidelines calculations. He further asserts that the district court erred in failing to consider his mitigating arguments, including his youth at the time he committed the prior offenses and his unstable upbringing.

We review a preserved objection to a sentence's substantive reasonableness for an abuse of discretion, examining the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). An above-Guidelines sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Contrary to Duran's argument, the district court was free to consider his criminal history, including both conduct already accounted for in the Guidelines calculations and uncounted conduct, in determining that an upward variance was appropriate. *United States v. Williams*, 517 F.3d 801, 809–10 (5th Cir. 2008); *see also United States v. Fraga*, 704 F.3d 432, 440–41 (5th Cir. 2013); *Smith*, 440 F.3d at 709. The court's emphasis on the repetitive and violent nature of Duran's criminal past was similarly appropriate. *See* 18 U.S.C. § 3553(a)(2)(C); *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008).

To the extent that Duran complains that the district court failed to consider his mitigating factors, the argument is defeated by the record, which shows that those factors were set forth in the presentence report, which the district court adopted, and in counsel's arguments at sentencing. Furthermore, the district court explicitly stated that it had afforded significant weight to Duran's mitigating circumstances, absent which it would have imposed an even higher upward variance.

Duran has likewise not shown that the extent of the variance was unreasonable as it is similar to other variances affirmed by this court. *See Brantley*, 537 F.3d at 348–50; *United States v. Lopez-Velasquez*, 526 F.3d 804, 805, 807 (5th Cir. 2008); *United States v. Rhine*, 637 F.3d 525, 526, 528–30 (5th Cir. 2011). He has not demonstrated that the district court failed to account for a factor that warranted significant weight or that it gave undue weight to an improper factor. *See Smith*, 440 F.3d at 708; *see also Gall*, 552 U.S. at 51. We therefore defer to the district court's determination that the Section 3553(a) factors, on the whole, warrant the variance. *See Brantley*, 537 F.3d at 349; *see also Gall*, 552 U.S. at 51.

AFFIRMED.