# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-50256
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
December 9, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Antonio Ibarra-Vasquez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-2620-1

_____

Before Elrod, *Chief Judge*, and Smith and Stewart, *Circuit Judges*.
Per Curiam:[*]

Jose Antonio Ibarra-Vasquez pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326, and was sentenced above the guidelines range to 60 months of imprisonment, followed by a three-year term of supervised release. He now appeals his sentence, arguing for the first time on appeal that the district court erred in imposing a term of supervised release on

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

a deportable alien without providing an individualized justification and that the imposition of supervised release on a deportable alien violates due process, the separation of powers doctrine, and the Eighth Amendment. He also asserts for the first time on appeal that the district court failed to articulate sufficient reasons for varying upwardly and improperly relied on uncharged criminal conduct to do so. Finally, he urges that his sentence is substantively unreasonable and greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

Reviewing the unpreserved arguments for plain error, we conclude that Ibarra-Vasquez fails to demonstrate how the district court's alleged failure to provide an individualized justification for its imposition of a three-year term of supervised release affects his substantial rights. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28, 330 (5th Cir. 2012); *United States v. Cancino-Trinidad*, 710 F.3d 601, 606-07 (5th Cir. 2013). As to Ibarra-Vasquez's contention that the imposition of supervised release on deportable aliens violates due process principles, the separation of powers doctrine, or the Eighth Amendment, he has failed to demonstrate any clear or obvious error. *See United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023).

The record contradicts Ibarra-Vasquez's assertion that the district court failed to provide sufficient reasons for its upward variance and improperly based his sentence largely on uncharged conduct. It establishes that the court based its sentence on his extensive history of illegal entry and reentry convictions and sentences, demonstrating a lack of respect for the law and a need for deterrence. Even were that not so, Ibarra-Vasquez similarly fails to demonstrate how the alleged errors affected his substantial rights. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

Finally, Ibarra-Vasquez has not shown that the extent of the variance was unreasonable as it is similar to other variances we have affirmed. *See*

No. 25-50256

*United States v. Rhine*, 637 F.3d 525, 526, 528-30 (5th Cir. 2011); *United States v. Lopez-Velasquez*, 526 F.3d 804, 805, 807 (5th Cir. 2008). We defer to the district court's determination that the § 3553(a) factors, on the whole, warrant the variance. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.