# United States Court of Appeals for the Fifth Circuit

———————

No. 25-30454
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Damien Rasco,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:24-CR-115-7

———————————————————

Before Elrod, *Chief Judge*, and Smith and Stewart, *Circuit Judges*.

Per Curiam:[*]

Damien Rasco pleaded guilty to conspiracy to distribute and to possess with intent to distribute methamphetamine. The district court sentenced Rasco to an above-Guidelines sentence of 120 months of imprisonment followed by four years of supervised release. The district court imposed an upward variance, in part due to Rasco's conduct from pending

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

state charges that the court had previously found did not constitute relevant conduct to the instant offense.  The district court also ordered that Rasco's federal sentence run consecutively to his expected state sentence for those charges.

Rasco now argues that his above-Guidelines sentence was unreasonable.  He specifically asserts that the district court's consideration of the conduct underlying his unrelated, pending state charges in selecting his upward-variance sentence and its imposition of a sentence to run consecutively to his expected state sentence for that same conduct effectively penalized him twice "for an act deemed irrelevant."

As an initial matter, we do not consider his contentions on appeal that were raised for the first time in his reply brief.  *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006); *see also United States v. Rodriguez*, 602 F.3d 346, 360–61 (5th Cir. 2010).  We thus do not consider his argument that the conduct underlying his expected state sentence constituted relevant conduct for purposes of his federal sentence.

We review sentences, including their consecutive nature, for reasonableness.  *See United States v. Candia*, 454 F.3d 468, 472–73 (5th Cir. 2006).  Regardless of whether Rasco's claim is treated as a challenge to the procedural or substantive reasonableness of the sentence, we are not persuaded that the district court erred in its consideration of the conduct underlying his unrelated, pending state charges in selecting the upward-variance sentence, *see* 18 U.S.C. § 3661; *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012); *United States v. Rhine*, 637 F.3d 525, 528–29 (5th Cir. 2011), and its imposition of a consecutive sentence, *see Setser v. United States*, 566 U.S. 231, 236–37 (2012); *Gall v. United States*, 552 U.S. 38, 51 (2007); U.S.S.G. § 5G1.3(c), (d).

Accordingly, the judgment of the district court is AFFIRMED.